UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW CARTER,<br><br>Plaintiff,<br><br>vs.<br><br>THE SOUTH DAKOTA STATE PENITENTIARY, *et al.*,<br><br>Defendants. | 4:26-CV-04124-CBK<br><br>ORDER |

Plaintiff, a prisoner at the South Dakota State Penitentiary in Sioux Falls, South Dakota, filed a *pro se* complaint and a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. The motion was granted and the plaintiff has paid the initial filing fee.

The Prison Litigation Reform Act requires the Court to conduct a preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B) prior to ordering service of the complaint. The Court is required to dismiss a case filed without the prepayment of fee if it determines that the action (1) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B), Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (unpublished). I am required to liberally construe plaintiff's complaint and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988). Plaintiff alleges that defendant employees of the South Dakota State Penitentiary have violated the Eighth

Amendment by denying placement in protective custody and failing to protect him from assaults by other inmates. "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). At this stage of the proceedings, plaintiff has alleged sufficient facts to assert a claim for failure to protect in violation of the Eighth Amendment.

Plaintiff claims defendants were deliberately indifferent to his serious medical needs arising out of the injuries he sustained in assaults perpetrated by fellow inmates. He also claims defendants were deliberately indifferent to his serious medical need for suboxone to treat his drug addictions. Finally, plaintiff claims that defendants have been deliberately indifferent to his serious medical need for treatment for androgenetic alopecia. The United States Supreme Court has long held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (internal citation omitted). At this stage of the proceedings, plaintiff has alleged sufficient facts to assert a claim for deliberate indifference to his serious medical needs.

Plaintiff claims that the medical defendants have committed medical malpractice and negligence by failing to prescribe suboxone. Plaintiff further claims that refusal to provide treatment for androgenetic alopecia constitutes medical malpractice. Medical malpractice is not a cognizable claim under 42 U.S.C. § 1983. Popoalii v. Corr. Med. Servs., 512 F.3d 488, 499 (8th Cir. 2008). Plaintiff's medical malpractice claims fail to state a claim which may proceed in this action.

Plaintiff claims that defendants are discriminating against him, an inmate, in failing to prescribe suboxone in violation of the Rehabilitation Act. Plaintiff misconstrues a Rehabilitation Act claim. "The Rehabilitation Act forbids discrimination against an otherwise qualified individual with a disability solely by reason of her or his disability." Yelder v. Hegseth, 151 F.4th 943, 953 (8th Cir. 2025) (cleaned up). Such claim requires plaintiff to show, *inter alia*, that "he was denied the benefits of a program

or activity of a public entity which receives federal funds, and he was discriminated against based on his disability." Turner v. Mull, 784 F.3d 485, 494 (8th Cir. 2015). Plaintiff claims he was discriminated against based upon his status as a prisoner, not based upon his claimed disability of being addicted to certain substances. Plaintiff's Rehabilitation Act claim fails to state a claim.

Plaintiff claims that his placement in solitary confinement for four months and the treatment he received while in such placement constitutes cruel and unusual punishment in violation of the Eighth Amendment. He also claims that he received inadequate nutrition while in solitary confinement. At this stage of the proceedings, plaintiff has alleged sufficient facts to assert an Eighth Amendment claim for the period of his placement in solitary confinement and the conditions of such confinement.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's claims for medical malpractice and under the Rehabilitation Act are dismissed for failure to state a claim.

2. The Clerk of Courts shall provide to plaintiff a summons and USM-285 form for each defendant. Plaintiff shall compete and return to the Clerk of Courts the summons and USM-285 forms. Upon receipt of the completed summons and USM-285 forms, the Clerk of Courts will issue the summons.

3. The United States Marshals Service shall serve a copy of the summonses and complaint upon the defendants. All costs of service shall be advanced by the United States.

4. In the event plaintiff makes a recovery under the complaint, plaintiff shall reimburse the government for any filing and service fees that have been advanced.

5. If the plaintiff fails to complete and return summons and the USM-285 forms as directed, this matter will be dismissed for failure to prosecute.

Dated this 19th of August, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge