UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW CARTER,<br><br>Plaintiff,<br><br>vs.<br><br>THE SOUTH DAKOTA STATE PENITENTIARY, *er al.*,<br><br>Defendants. | 4:26-CV-04124-CBK<br><br>ORDER |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. Following initial review, I ordered the U.S. Marshals Service to serve the summonses and complaint as directed by plaintiff. The South Dakota Attorney General has entered an appearance for the state institution, officers, and employees who have been served. Several former employee defendants have not been served. Plaintiff has filed a motion to compel defendant South Dakota State Penitentiary to produce the home addresses of the unserved defendants and a motion for the appointment of counsel.

It is well-settled in the Eighth Circuit that "*pro se* litigants have neither a constitutional nor a statutory right to appointed counsel in civil cases." Patterson v. Kelley, 902 F.3d 845, 850 (8th Cir. 2018). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Patterson v. Kelley, *id.* (*quoting* Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006)). The appointment of counsel is not necessary at this time.

Plaintiff is an inmate at the South Dakota Department of Corrections ("DOC"). South Dakota law provides that personnel information – including former employees' addresses – is confidential. SDCL 1-27-1.5(7). The courts in the District of South

Dakota have entered orders to assist *pro se* inmates proceeding *in forma pauperis* to serve former Department of Corrections employees. *See* Bell v. Tjeerdsma, No. 4:24-CV-04068-KES, 2025 WL 3141044, at *3 (D.S.D. Nov. 10, 2025) (*citing* Hicks v. Renner, 4:23-CV-04121-KES, Docket 16 (D.S.D. Feb. 8, 2024); Christians v. Young, 2023 WL 2687260, at *13 (D.S.D. Mar. 29, 2023); Hughbanks v. Fluke, 2023 WL 1930334, at *1–2 (D.S.D. Feb. 10, 2023); Cody v. Clark, 2023 WL 112695, at *7 (D.S.D. Jan. 5, 2023) (*citing* Hansen v. S.D. Dep't of Corr., 4:19-CV-04019-KES, Docket 44 at 4 (D.S.D. Dec. 27, 2019)). Such an order is appropriate in this case.

Now, therefore,

1. Plaintiff's motion, Doc. 25, for the appointment of counsel is denied.

2. Plaintiff's motion, Doc. 23, to compel production of the home addresses of former DOC employees is denied.

3. Counsel who has appeared on behalf of the served DOC defendants must provide the last known addresses for the unserved former employee defendants to the United States Marshals Service within 14 days from the entry of this order.

4. The United States Marshals Service shall serve the summonses and complaint upon the unserved former employee defendants at the last known address provided by counsel for the DOC.

5. The United States Marshals Service is directed to provide the Clerk of Court with a summons, return of service, and USM-285 form that **do not include the former employees' addresses**. Such addresses must **not** appear in any publicly available filing or any filing or pleading provided to plaintiff.

DATED this 20th day of October, 2026.

BY THE COURT:

Charles B. Kornmann

CHARLES B. KORNMANN
United States District Judge